**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

DARNELL MCDANIELS,

                                                Civil No. 18-2631 (JRT/KMM)

                Petitioner,

v.                                  **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

KATHY HALVORSON, Warden, MCF-Faribault

                Respondent.

---

Darnell McDaniels, OID #210075, MCF-Faribault, 1101 Linden Lane, Faribault, MN 55021, *pro se* Petitioner.

Jennifer D. Plante, Assistant County Attorney, **OLMSTED COUNTY ATTORNEY'S OFFICE**, 151 Fourth Street Southeast, Rochester, MN 55981, for Respondent.

Petitioner Darnell McDaniels is serving a 158-month sentence after being convicted of third-degree murder in Minnesota State Court. McDaniels seeks a Writ of Habeas Corpus under 28 U.S.C. § 2254, arguing that the trial court erred in admitting a hearsay statement and his prior drug convictions into the record.

Because the hearsay statement was not testimonial, its admission does not violate the Confrontation Clause. Furthermore, even if McDaniels's arguments about his prior drug convictions were not barred for lack of exhaustion, the Court would find that the admission of these convictions was not unfairly prejudicial. Accordingly, the Court will

1

overrule McDaniels's Objections, adopt the Report and Recommendation ("R&R") issued by the Magistrate Judge, and deny McDaniels's Petition.

**BACKGROUND**

McDaniels is currently serving a 158-month sentence for third-degree murder pursuant to Minn. Stat. § 609.195(b). The facts and procedural history surrounding his conviction are briefly restated here.[1]

McDaniels was convicted of murder for the death of "D.K." *State v. McDaniels*, No. A17-1350, 2018 WL 2407209, at *1 (Minn. Ct. App. May 29, 2018). D.K. lived at a group residential home for adult men with chemical dependency or mental issues. *Id.* D.K. had a roommate, D.M., who knew that D.K. was a recovering heroin addict, but had never seen D.K. "use any controlled substances other than alcohol and prescription drugs." *Id.*

On January 22, 2015, D.M. was smoking a cigarette outside when McDaniels pulled up in a van outside the house and asked for D.K. *Id.* McDaniels went inside the house, following by D.M. *Id.* D.K. introduced McDaniels as "Big." *Id.* D.M. sat down to watch television, then went to use the restroom, leaving D.K. and McDaniels alone for about a minute. *Id.* McDaniels left soon after. *Id.* The entire exchange was about four minutes. *Id.* D.M. observed D.K. acting strangely, describing him as "really aggressive, really loud," "amped," and "crazy." *Id.* D.M. asked D.K. if he was okay. *Id.* D.K. replied that "he felt

---

[1] A more complete recitation of the case and basis for his claims can be found in the Court of Appeals Opinion upholding his conviction. *See State v. McDaniels*, No. A17-1350, 2018 WL 2407209, at *1 (Minn. Ct. App. May 29, 2018).

really good, that he had just met with his drug dealer in their room, and that he had done heroin." *Id.* Soon after, D.K. went to lie down, and D.M. believed he had fallen asleep. However, after about 45 minutes, D.M. noticed D.K. appeared blue in the face and despite emergency intervention, D.K. was pronounced dead. *Id.* at *2.

The police found a spoon with a small piece of cotton, a tan powdery substance, and a used hypodermic needle at the scene. *Id.* The powder tested positive for heroin. *Id.* The forensic pathologist concluded D.K.'s death was accidental, caused by "acute heroin and ethanol intoxication." *Id.* A police investigator interviewed McDaniels in April 2015, and he admitted to selling heroin to D.K. in the past. *Id.*

In March 2016, McDaniels was convicted of third-degree murder after a three-day bench trial. *Id.* McDaniels brought a direct appeal on four grounds: (1) sufficiency of the evidence regarding causation; (2) the admission of D.K.'s statement to D.M. under the residual hearsay exception; (3) the admission of Mr. McDaniels's statement to a law enforcement officer about engaging in the sale of heroin; and (4) the admission of law enforcement testimony about Mr. McDaniels's prior convictions for engaging in the sale of heroin. *Id.* at *3-4, 6. The Minnesota Court of Appeals upheld his conviction. *Id.* at *8.

McDaniels petitioned the Minnesota Supreme Court for review on more limited grounds: the admission of D.K.'s statement under the residual hearsay exception and a new issue regarding pro se briefing that had arisen at the appeals stage. (Answer ¶ 41,

Ex. 7, Nov. 1, 2018, Docket No. 9.) The Minnesota Supreme Court denied McDaniels's petition, and judgment was entered on August 21, 2018. (*Id.* at Ex. 8.)

In September 2018 McDaniels filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Oct. 17, 2018, Docket No. 1.) United States Magistrate Judge Katherine Menendez reviewed the petition and issued a Report and Recommendation ("R&R"), recommending that the Court deny McDaniels's Petition. (R&R at 8, Oct. 17, 2019, Docket No. 19.) McDaniels filed Objections to the R&R on Nov. 4, 2019. (Obj. to R. & R., Nov. 4, 2019, Docket No. 20.) The Government filed a Response to Petitioner's Objection to the R&R on November 15, 2019. (Resp. to Obj to R. & R., Nov. 15, 2019, Docket No. 21.)

## DISCUSSION

### I.     STANDARD OF REVIEW

Upon the filing of an R&R by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

McDaniels objects to the R&R's recommendation that his Petition be denied and dismissed.[2] The Court will review the related findings de novo.

## II. MCDANIELS'S OBJECTIONS

McDaniels raises several objections to the R&R – that his claims are not barred, that admission of certain testimony violated the Confrontation Clause, and that admission of prior drug convictions violated the Due Process Clause. The Court will consider each objection in turn.

### A. Exhaustion

First, McDaniels argues that the Magistrate Judge erred in finding that he had not properly exhausted some of his claims at the state level.

A petition for writ of habeas corpus "requires a state prisoner to exhaust state remedies before filing a habeas petition in federal court." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (citing 28 U.S.C. §2254(b)(1)(A)). Petitioners must go through "one 'complete round of the State's established appellate review process.'" *Id.* (quoting *O'Sullivan v.*

---

[2] The government argues that McDaniels's Objections are untimely and that the Court need not consider them. D. Minn. LR 72.2(b)(1); *Thompson v. Nix*, 897 F.2d 356, 357–58 (8th Cir. 1990). The Magistrate Judge issued the R&R on October 17, 2019. The government argues that "[t]he Court served Petitioner on October 17, 2019" and that as a result his November 4, 2019 Objections were filed four days late.

However, the government provides no basis for its assertion that McDaniels was served on October 17, 2019. McDaniels is incarcerated and brought this Petition pro se, so it is probable that he was served by mail, not by ECF. Furthermore, prison mail service can cause additional delay. Without more from the government, the Court will assume for the purposes of the Order that McDaniels's Objections were timely.

*Boerckel*, 526 U.S. 838, 845 (1999)).  In states like Minnesota, petitioners must go through the two-tier appellate process, even when the top-state court operates a discretionary review system.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).  If a petitioner fails to exhaust the state remedies on a claim and the filing time passes, the federal habeas claim procedurally defaults.  *Id.*

McDaniels raised four grounds for relief on his appeal to the Minnesota Court of Appeals, but only one – Ground Two – in his Petition for Review at the Minnesota Supreme Court.  McDaniels does not dispute that Grounds One and Three are defaulted, but argues that Ground Four (prior heroin convictions) should be included in Ground Two (residual hearsay) because they encompass similar due process issues.  Although the issues are not unrelated, such a linkage is not sufficient for the Court to overlook clear law regarding exhaustion.

Furthermore, even if his claim were not barred, the Court would decline to find for McDaniels.  McDaniels objects to the admission of his prior convictions for drug sales because it caused prejudice.  Under Min. R. Evid. 404, prior crimes may be admitted if, "(a) the proffered evidence is relevant to an identified material issue other than conduct conforming with a character trait; (b) the other crime, wrong, or act and the participation in it by a relevant person are proven by clear and convincing evidence; and (c) the probative value of the evidence is not outweighed by its potential for unfair prejudice to the defendant."  Minn. R. Evid. 404(b)(2).

Here, the probative value of McDaniels's prior convictions is not outweighed by the potential for unfair prejudice. Furthermore, any prejudice from these prior convictions was particularly limited given McDaniels's own admissions that he previously sold heroin, including to D.K. Accordingly, because McDaniels's argument is barred and would also be unsuccessful on the merits, the Court will overrule McDaniels's Objection and Adopt the R&R as to exhaustion.

### B. Confrontation Clause

Next, McDaniels argues that the Magistrate Judge erred in not finding that the admission of D.K.'s statement to D.M. that, "he felt really good, that he had just met with his drug dealer in their room, and that he had done heroin" was a violation of the Confrontation Clause.

Under the Confrontation Clause, a defendant has the right to confront and cross-examine witnesses that testify against him. *Davis v. Washington*, 547 U.S. 813, 823 (2006). However, the Confrontation Clause only applies to out-of-court statements when they are "testimonial" in nature. *Crawford v. Washington*, 541 U.S. 36, 50-52 (2004). While there is no bright line test to determine whether a statement is testimonial, courts look to whether the statement was uttered for the "primary purpose of creating evidence" to potentially be used later in prosecution, and "must consider all of the relevant circumstances," including the formality of the situation, when making such a determination. *Ohio v. Clark*, 576 U.S. 237 (2015). Under the primary purpose test,

statements to individuals who are not law enforcement are less likely to be considered testimonial. *Id*. Even when statements are made to law enforcement, statements are nontestimonial when the primary purpose is to assist in an ongoing emergency; on the other hand, statements are testimonial when "the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *Id.*

McDaniels argues that because D.K. and D.M. lived in a drug rehabilitation setting, where they had pledged to report each other for drug use, their conversation should be considered testimonial. Construing this theory broadly, the Court does not find the statement testimonial. The record indicates that D.M. and D.K. had an informal relationship, that they regularly drank alcohol and did not report each other for violations, and that the primary purpose of D.M.'s question to D.K. was not to develop a record for future legal action but instead was a question of sincere concern.

As such, the Court will overrule McDaniels's Objections and adopt the R&R as to the Confrontation Clause.

### C. Due Process Clause

Finally, McDaniels argues that the Magistrate Judge erred in not finding that admission of D.K.'s statement violated the Due Process Clause. D.K.'s statement was admitted under the residual hearsay exception found at Minn. R. Evid. 807. Rule 807 allows admission of hearsay statements "not specifically covered by rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness." *State v. Griffin*, 834

N.W.2d 688, 693 (Minn. 2013). "When determining whether the statement has "'equivalent circumstantial guarantees of trustworthiness,' a district court uses a 'totality of the circumstances test.'" *Id.* The trial court found that D.K.'s statement met this bar.

McDaniels argues that to the extent that the "trustworthiness" prong was supported by reference to evidence of McDaniels prior convictions, it was in error. However, because the Court has already determined that the admission of McDaniels prior convictions was not erroneous, this argument fails. Furthermore, as the Magistrate Judge noted in the R&R, "the appellate court explicitly considered several factors, including D.K.'s lack of suspicious purpose in making the statement, the friendly relationship between D.K. and D.M., to whom he made the statement, the voluntariness of the statement, D.K.'s direct knowledge of the subject matter, and D.K.'s physical and mental condition when he made the statement, which corroborated what he described." R&R at 7.

Thus, the Court will overrule McDaniels's Objections and adopt the R&R as to the due process issue.

### III.   CERTIFICATE OF APPEALABILITY

The Court may grant a Certificate of Appealability only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The petitioner must show that the issues are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

*Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994). For purposes of appeal under 28 U.S.C. § 2253, the Court finds that McDaniels has not shown that reasonable jurists would find the issues raised in McDaniels's habeas petition debatable, that some other court would resolve the issues differently, or that the issues deserve further proceedings. The Court therefore declines to grant a Certificate of Appealability in this case.

## CONCLUSION

Because McDaniels's claims are barred for lack of exhaustion, because D.K.'s statement was nontestimonial, and because evidence of McDaniels's prior drug convictions was admissible, the Court will overrule McDaniels's objections, adopt the Magistrate Judge's R&R, and deny McDaniels's Petition for Habeas Corpus.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, McDaniels's Objections to the R&R [Docket No. 20] are **OVERRULED** and the Magistrate Judge's Report and Recommendation [Docket No. 19] is **ADOPTED**. Accordingly, **IT IS HEREBY ORDERED** that:

1. McDaniels's Petition for a Writ of Habeas Corpus [Docket No. 1] is **DENIED.**

2. The Court does not grant a Certification of Appealability under 28 U.S.C. § 2253(c)(2).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  June 8, 2020  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court